UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT RUMMLER,

Plaintiff,

-against-

NYC DEPT OF HUMAN RESOURCES/ SOCIAL SERVICES,

Defendant.

25-CV-10048 (LLS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendant violated his rights. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff resides in Watertown, New York. He filed this complaint against the New York City Department of Social Services ("DSS") and the New York City Human Resources Administration ("HRA"),[2] regarding events allegedly occurring in 2023 and 2024. Plaintiff alleges as follows:

> Failure to provide any emergency assistance with rent arrears.
> Discrimination based on race in provision of emergency services.
> Discrimination based on disability in provision of emergency services.
> Denied all Constitutional rights by favoring non-Citizens over a US citizen.
> Ignored Supreme Court ruling re. profiting from illegal immigration causing injury.
> NYC profited from illegal immigration violating Supreme Court ruling.
> NYC acted as sanctuary city violating RICO laws.
> NYC housing court denied request for reasonable accommodation due to disability.

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] HRA and DSS are two separate agencies.

> NYC discontinued all meaningful Legal Aid without notice.

(*Id.* at 5.)

Plaintiff invokes Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; the Fair Housing Act; the Rehabilitation Act of 1973; the Americans with Disabilities Act; (ADA), the "RICO" statute, and the 14th Amendment to the United States Constitution. (*Id.* at 2.) He alleges that Defendants' conduct

> Caused unlawful, rapid eviction and attendant harms
> Worsened underlying disabilities resulting in total disability
> Physical injury to hand due to rushed move
> Loss of possessions
> Violation of Constitutional rights

(*Id.*)

Plaintiff seeks $100 million in damages.

## DISCUSSION

### A. Claims against HRA and DSS

Plaintiff's claims against HRA and DSS must be dismissed because, unless otherwise authorized by a municipal charter, municipal agencies, such as HRA and DSS, are not suable entities. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Agencies of the City of New York, including HRA and DSS, are not entities that can be sued if the municipal charter does not give that agency capacity to be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim

against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) (holding that a plaintiff "is generally prohibited from suing a municipal agency."); *Tatum v. City of New York*, No. 19-CV-2581 (JPC), 2019 WL 1877385, at *1 (S.D.N.Y. Apr. 26, 2019) (explaining that HRA is not a suable entity).

The Court therefore dismisses Plaintiff's claims against HRA and DSS for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims against the City of New York**

It may be Plaintiff's intention to sue the City of New York, and the Court therefore construes Plaintiff's claims as having been brought against the City of New York. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.[3] *See Jones v.*

---

[3] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to

*Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that [the alleged] municipality policy or custom exists." *Hannan v. Rose*, No. 18-CV-9878 (PGG) (DF), 2022 WL 21770560, at *11 (S.D.N.Y. Mar. 15, 2022) (quoting *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016) (citations and internal quotation marks omitted)). "[C]onclusory allegations of a municipal custom or practice of tolerating official misconduct, without factual details," will not satisfy *Monell's* pleading standards. *Id.*

Here, Plaintiff alleges no facts suggesting that a New York City policy, custom, or practice caused a violation of his constitutional rights. The Court therefore dismisses any claims Plaintiff is asserting against the City of New York for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Rule 8**

The complaint does not comply with Rule 8 and this provides an additional basis for dismissal of Plaintiff's claims. While the complaint does set forth some of the harms that Plaintiff allegedly suffered, he provides no facts explaining exactly what occurred or who may be held liable for any alleged violations of his rights. Plaintiff does not describe where or when any of the underlying events allegedly took place or describe how any of those occurrences deprived him of rights secured by federal law. Finally, Plaintiff simply lists federal statutes without providing facts showing that those statutes apply to him and that any Defendant violated

---

subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

his rights under those statutes. Plaintiff has therefore failed to state a claim for relief, and the Court dismisses the complaint on that basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 17, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.